UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARL WILLIAMS,

                Petitioner,

   - against -

ERIC T. SCHNEIDERMAN,[1] New York State
Attorney General, and BRIAN FISCHER,
Superintendent, Sing Sing Correctional Facility,

                Respondents.

**ORDER GRANTING HEARING**
05-CV-5289 (RRM)

------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

     Petitioner Earl Williams, currently incarcerated at the Sing Sing Correctional Facility, brings a *habeas corpus* petition (the "Petition") (Doc. No. 1) pursuant to 28 U.S.C. § 2254, challenging his June 11, 2001 conviction in New York Supreme Court, Queens County. A jury found petitioner guilty of first degree assault, fourth degree criminal mischief, and fourth degree possession of a weapon. He received a fifteen year determinate sentence on the assault charge, and lesser concurrent sentences on the other charges. For the reasons set forth below, this Court will hold an evidentiary hearing to determine whether petitioner was denied the effective assistance of counsel before trial.

## BACKGROUND

     The facts to be determined in this hearing relate to a 3 ½ year plea offer[2] made in open court prior to petitioner's indictment. (*See* Pre-Trial Tr. of June 13, 2000 (Doc. No. 13).) Pamela Jordan of Queens Law Associates represented petitioner in court on the day the offer was made, but petitioner was absent. (*Id.*) Petitioner appeared on a bench warrant three days later, and was

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), New York Attorney General Eric T. Scheniderman is substituted for his predecessor, Eliot Spitzer. The Clerk of Court shall amend the caption to reflect this substitution.
[2] Petitioner's filings occasionally refer to a "plea offer of 1 to 3 years." (*See, e.g.*, Br. Supp. Pet. (Doc. No. 10-1) at 12.) Petitioner's claims, however, are clearly based on the plea offer of June 13, 2000, and that offer was plainly for "3 ½ years." (Pre-Trial Tr. of June 13, 2000 (Doc. No. 13).)

1

reassigned to Jordan's colleague Lisa Saltzman, who was present in court when petitioner appeared. (*See* Pre-Trial Tr. of June 16, 2000 (Doc. No. 14).) Petitioner asserts that all of his pretrial attorneys—Jordan, Saltzman, their associates Dorothy Hughes and Melody Glover, and a supervisor, Lori Zeno—provided ineffective assistance by failing to inform him of the plea offer and to correctly advise him as to his sentencing exposure. (Br. Supp. Pet. (Doc. No. 10-1) at 12; Aff. Supp. Pet. (Doc. No. 12-2) at 1–2; Pet.'s Aff. Supp. 440 Mot. (Doc. No. 12, Ex. G) at 4; Jan. 16, 2003 Aff. of Yolanda Williams (Doc. No. 12-3, Ex. C).) Petitioner claims that, if he had been informed of the offer and had been properly advised that he faced a sentence of up to 25 years, he would have pled guilty and not proceeded to trial on a theory of self-defense. (Br. Supp. Pet. at 12–13; Aff. Supp. Pet. at 2; Pet.'s Aff. Supp. 440 Mot. at 4.)

Petitioner first presented these claims in a state court motion to vacate judgment under New York Criminal Procedure Law ("CPL") § 440. (*See* Mem. Law Supp. Pet.'s § 440 Mot. (Doc. No. 12, Ex. G).) In his motion papers, petitioner cited *People v. Gonzales*, 554 N.Y.S.2d 48 (App. Div. 2d Dep't 1990) for the proposition that an evidentiary hearing is warranted when a movant claims ineffective assistance of counsel and provides facts in an affidavit which did not appear in the record on direct appeal. (*Id.* at 10.) Respondent opposed petitioner's claims as based on "conclusory and unsubstantiated allegation[s]" and as "not adequately supported." (Mem. Law Opp. Pet.'s § 440 Mot. (Doc. No. 12, Ex. H) at 9, 11.) The state court denied petitioner's motion without a hearing, ruling that his application was "procedurally barred because the defendant could have raised these issues on his appeal, and either failed to do so, or did so and received a decision." (Order Denying Pet.'s § 440 Mot. (Doc. No. 12, Ex. J) at 3.) The state court also found that petitioner's application was "without merit [as] the record is clear that the defendant received effective representation during the course of these proceedings." (*Id.*)

In view of the state court's order, petitioner applied for a writ of error *coram nobis*, challenging his appellate counsel's effectiveness for failing to raise a claim related to the plea offer, and again requesting an evidentiary hearing to develop the record. (Mem. Law Supp. Pet. for Writ of Error *Coram Nobis* (Doc. No. 12, Ex. V) at 9.) On March 14, 2005, the Appellate Division denied petitioner's application, again without a hearing. *People v. Williams*, 16 A.D.3d 527, 790 N.Y.S.2d 613 (App. Div. 2d Dep't 2005) (table).

On November 19, 2005, petitioner applied to this Court for a writ of *habeas corpus* on the same grounds set forth in his § 440 motion. (Pet. at 2.)

## DISCUSSION

Under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant *habeas* relief to a state prisoner only if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

In this case, petitioner's ineffective assistance claim regarding the plea offer was denied by the 440 court on procedural grounds, and in the alternative on the merits. Normally, "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). In the instant case, however, the state court's procedural denial is not an "adequate" ground to foreclose *habeas* review.

The state court found petitioner's motion "procedurally barred because the defendant could have raised these issues on his appeal, and either failed to do so, or did so and received a decision." The court cited only to CPL § 440.10(2)(a), which instructs a court to "deny a motion to vacate a judgment when . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment." This statute does not apply to petitioner's ineffective assistance claim, as it was not raised on direct appeal.

Respondent suggests that "it is likely that the court also intended to cite section 440.10(2)(c)," which requires denial when, "although sufficient facts appear on the record to have permitted, upon appeal, adequate review of the issue raised upon the motion, no such appellate review occurred owing to the defendant's unjustifiable failure to raise such issue upon an appeal." (Mem. Law Opp. Pet. for Writ of Habeas Corpus (Doc No. 12-2) at 13–14 n.12 (alterations omitted).) Even if respondent is correct, denial under § 440.10(2)(c) would not serve as an "adequate" state ground to preclude review where, as here, significant factual averments underlying the claim were outside the record and thus unavailable for review on direct appeal. *See Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) (citing *People v. Harris*, 109 A.D.2d 351, 491 N.Y.S.2d 678, 687 (App. Div. 2d Dep't 1985)); *Bonilla v. Portuondo*, No. 00 Civ. 2369 (JGK)(JCF), 2004 WL 350694, at *10 (S.D.N.Y. Feb. 26, 2004), *report and recommendation adopted* at 2004 WL 1782174 (S.D.N.Y. Aug. 9, 2004); *Senor v. Senkowski*, No. 97-CV-4929, 1999 WL 689477, at *3-5 (E.D.N.Y. Aug. 31, 1999). In this case, petitioner asserted that: (1) no plea offer was presented to him; (2) his maximum sentencing exposure was misrepresented to him before trial; and (3) a 3 ½ year plea offer remained available to him at any point after a bench warrant was issued against him.

The state court also denied petitioner's application on the merits. Such alternative determinations are still entitled to deference under 28 U.S.C. § 2254(d). *See, e.g., Parker v. Smith*, --- F. Supp. 2d ----, 2012 WL 1512116, at *3 (N.D.N.Y. May 1, 2012). However, if a *habeas* petitioner "did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding . . . the federal court must hold an evidentiary hearing to resolve all facts that are in dispute." *Jefferson v. Upton*, 130 S. Ct. 2217, 2221 (2010) (quotation marks omitted); *see also Samper v. Greiner*, 74 Fed. App'x 79, 83 (2d Cir. 2003) (remanding denial of *habeas* petition and instructing district court to hold evidentiary hearing where petitioner was denied a hearing by his 440 court and significant factual disputes remained); *see, e.g., Gonzalez v. Ercole*, No. 08 Civ. 403(CS)(PED) (S.D.N.Y. Feb. 1, 2011) (order granting evidentiary hearing under 28 U.S.C. § 2254(e)(2)). After additional fact finding, this Court must then determine "whether the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' in light of any newly-discovered facts . . . ." *Wilson v. Mazzuca*, 570 F.3d 490, 501 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(d)). The Court applies "the same AEDPA standard that would otherwise be in force," but "in light of the new information that has been obtained through a § 2254(e) hearing." *Id*. at 502.

In deciding whether to grant a § 2254(e) hearing, a federal court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). An attorney's failure to communicate a plea offer to his client, or to advise his client adequately about the plea offer, can constitute constitutionally deficient assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), warranting *habeas* relief. *Osorio v. Conway*, 496 F. Supp. 2d 285, 303 (S.D.N.Y. 2007) (citing *Cullen v. United States*, 194 F.3d 401, 404 (2d Cir.

5

1999); *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998)); *see also Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (holding, as a general rule, that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused).

To prevail on such a claim, a petitioner must show that (1) the attorney failed to communicate a plea offer or provide adequate advice about the plea and sentencing exposure; (2) there is a reasonable probability that but for the attorney's deficient performance, petitioner would have accepted the plea offer, and (3) there is a reasonable probability that neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it. *Frye*, 132 S. Ct. at 1410; *see also Purdy v. United States*, 208 F.3d 41, 49 (2d Cir. 2000) (noting that, to satisfy *Strickland*, a petitioner must demonstrate a "reasonable probability that but for [counsel]'s deficiencies, [petitioner] would have pled guilty.") The petitioner must provide objective evidence, beyond his own "self-serving, post-conviction testimony," that he would have pled guilty had he received proper advice. *Gordon*, 156 F.3d at 380–81. Such objective evidence may include a disparity between the plea offers and the actual sentence. *Cullen*, 194 F.3d at 407.

Here, petitioner alleges that he was never informed of the 3 ½ year plea offer, that his sentencing exposure was grossly misrepresented to him, and that, but for his attorneys' deficient performance, he would have accepted the offer. To support of his allegations before the 440 court, petitioner identified a significant disparity between the offer and the sentence he received, affirmed that he would have pled guilty if he had received proper advice, and presented an affidavit from his wife, who attended a pre-trial meeting with petitioner and Lori Zeno, then

6

Deputy Director of Queens Law Associates, and who remembers Zeno misrepresenting his sentencing exposure. (Pet.'s Aff. Supp. 440 Mot. at 4; Jan. 16, 2003 Aff. of Yolanda Williams.) Petitioner's pretrial attorneys have never directly confirmed or denied petitioner's allegations in any court. However, in an unsworn letter sent by Glover to petitioner in 2004, and provided by petitioner in conjunction with his *coram nobis* application, Glover claims to have repeatedly informed petitioner that his sentencing exposure at trial ranged from five to twenty-five years, and that, after indictment, "there was no more offer of 3 ½ . . . . Once you got indicted, the offer was off the table." (Resp. Pet. (Doc. No. 12) Ex. BB ("Glover Letter") at 169.) This letter strongly suggests that Glover, and perhaps her associates, would deny at least some of petitioner's allegations. Given these factual disparities and the absence of sworn testimony from the accused attorneys, an evidentiary hearing is necessary for this Court to decide whether the state court's decision finding counsel's assistance effective was an "objectively unreasonable" application of *Strickland. See Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998) (per curiam) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.").[3]

---

[3] While respondent argues that petitioner's testimony at trial supporting his justification defense wholly undermines his claim that he would have pled guilty, (Mem. Law Opp. Pet. for Writ of Habeas Corpus at 43), a petitioner's "insistence on innocence" at trial is not conclusive, but merely a "factor" relevant to determining the probability that he would have pled guilty. *See Cullen*, 194 F.3d at 407.

## CONCLUSION

For the reasons stated herein, an evidentiary hearing in this matter is will be conducted on **July 30, 2012 at 3:30pm,** and a status conference will be held on **July 6, 2012 at 2:00pm at which counsel for petitioner and respondents must appear**. The parties shall be prepared to advise the Court at the status conference as to how each intends to proceed with respect to the hearing, including advising the Court as to the witnesses they intend to call and ensuring their availability for the hearing, whether petitioner's presence is required, and any other issues that need to be resolved in advance of the hearing.

SO ORDERED.

Dated: Brooklyn, New York
      June 26, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge