UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

EARL WILLIAMS,

                 Petitioner,

-against-

ERIC T. SCHNEIDERMAN, New York State
Attorney General, and BRIAN FISCHER,
Superintendent, Sing Sing Correctional Facility,

                 Respondents.

**MEMORANDUM OF
DECISION AND ORDER**

05-CV-5289 (LDH)

------------------------------------------------------------------x

LASHANN DEARCY HALL, United States District Judge:

       Petitioner Earl Williams, formerly incarcerated at Otisville Correctional Facility, brings a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his July 3, 2001 conviction in New York Supreme Court, Queens County for first-degree assault, fourth-degree criminal mischief, and fourth-degree possession of a weapon. (Pet. ¶¶ 1-4, ECF No. 1.) For the reasons stated below, Petitioner's request for a writ of habeas corpus is denied.

## BACKGROUND

       On March 15, 2000, Petitioner was involved in an altercation with a livery cab driver. (Resp't Opp'n at 5, ECF No. 12-2). Petitioner reached into the victim's car and punched him several times, after which he pulled the victim from the car and beat him with an anti-theft device. (*Id.*) On June 11, 2001, a Queens jury found Petitioner guilty of first-degree assault, fourth-degree criminal mischief, and fourth-degree criminal possession of a weapon. (Trial Tr.,

1

ECF No. 15 at 982:1-983:24.)[1] On July 3, 2001, Petitioner was sentenced to a determinate prison term of fifteen years for the assault conviction, to run concurrently with one-year prison terms on the other charges.[2] (Sentencing Tr., ECF No. 15 at 18:6-13.)

On direct appeal, Petitioner argued that: (1) the prosecution had failed to disprove his defense of justification beyond a reasonable doubt; (2) the verdict was against the weight of the evidence; and (3) the fifteen-year sentence was unduly harsh. *See People v. Williams*, 759 N.Y.S.2d 329 (App. Div. 2003). The Appellate Division affirmed the conviction on April 7, 2003. *Id.* Petitioner requested leave to appeal to the New York Court of Appeals, which was denied on June 27, 2003. *See People v. Williams*, 100 N.Y.2d 567 (2003).

Following his direct appeal, Petitioner moved to vacate his judgment of conviction under New York Criminal Procedure Law Section § 440.10 on the basis that both his pre-trial and trial counsel had provided ineffective assistance and that his sentence was excessive. (Resp't Opp'n at 21.) Petitioner asserted that: (1) his pre-trial counsel was unaware of Petitioner's whereabouts on a certain court date, did not inform Petitioner of that court date, and failed to properly convey a plea offer of three and a half years to Petitioner; (2) his trial attorney failed to conduct a proper investigation of the pre-trial record, which would have enabled Petitioner to accept the plea offer; and (3) both his trial attorney and her supervisor misrepresented Petitioner's maximum sentencing exposure as five and seven years, respectively. (Resp't Opp'n, Ex. G at 7-11, ECF

---

[1] Although the pre-trial and trial transcripts were assigned ECF numbers, they were filed in hard copy only.
[2] The trial court originally failed to impose any term of post-release supervision. On January 19, 2012, the court resentenced Petitioner to a statutorily required term of post-release supervision in addition to the determinate term of imprisonment imposed on July 3, 2001. Petitioner appealed, arguing that: (1) a resentence more than ten years after the original conviction subjected him to double jeopardy; and (2) in any event, the court should have imposed the minimum available term of post-release supervision (two and a half years) as opposed to the maximum (five years). On August 7, 2013, the Appellate Division affirmed the resentence, holding: "Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term including the statutorily required period of post-release supervision did not subject him to double jeopardy or violate his right to due process." *People v. Williams*, 969 N.Y.S.2d 918, 919 (2013). The court additionally held that the period of post-release supervision imposed was not excessive. The instant petition does not contain any claims arising out of this resentencing.

No. 12-3.) On September 3, 2003, the trial court denied Petitioner's motion, holding that it was procedurally barred and without merit. (Resp't Opp'n, Ex. J at 3, ECF No. 12-3.)

Subsequently, Petitioner applied to the Appellate Division for a writ of error *coram nobis*, claiming that his appellate counsel's failure to raise his trial counsel's treatment of the plea offer was itself ineffective assistance and requesting an evidentiary hearing to develop the record. (Resp't Opp'n, Ex. V at 13-34, ECF No. 12-10.) On March 14, 2005, his application was denied without a hearing. *People v. Williams*, 790 N.Y.S.2d 613 (N.Y. App. Div. 2005).

The instant petition followed on November 9, 2005. (Pet. at 1.) Petitioner claims that: (1) he was denied the effective assistance of counsel at trial when counsel failed to communicate a plea offer made by the government and inaccurately stated his maximum sentencing exposure and (2) his sentence was excessive.[3] (*Id.* at ¶ 13.)

Petitioner's fifteen-year determinate sentence expired in July 2015. (*Id.* at ¶ 3.) According to the website maintained by the New York State Department of Corrections and Community Supervision, Petitioner was serving a concurrent sentence on a separate manslaughter charge during this same period, with a maximum expiration date of March 15, 2021. *See* DOCCS Inmate Lookup at http://nysdoccslookup.doccs.ny.gov (Department Identification Number 01-A-4217). Petitioner was conditionally released to parole on March 15,

---

[3] Petitioner briefly references additional claims in the opening paragraph of his memorandum, which were not included in the petition itself and which are not discussed at all in the remainder of his brief: "[T]rial counsel was also ineffective in failing to preserve [an] objection that the State failed to carry its burden in rebutting Williams' justification defense, [and] appellate counsel was ineffective in failing to preserve said objection, furthermore, Williams' due process right to a fair trial was violated where the State failed to disprove Williams' justification defense beyond a reasonable doubt." (Pet. Br. at 1.) Respondent did not address these claims in its response, and Petitioner elected not to file a reply brief. (*See* Resp't Opp'n. at 29-50; Letter Noting that after review of the parties' submissions, Petitioner will not supplement his habeas submissions, ECF No. 20 at 1.) The Court therefore deems the other claims abandoned. *See, e.g. Manson v. Haponik*, No. 05-CV-3412 (BMC), 2007 WL 2077895, at *3 (E.D.N.Y. July 18, 2007) (deeming a claim withdrawn where petitioner "failed to raise [the claim] in his petition and subsequently abandoned the claim in his supplemental memorandum"); *Taylor v. Sabourin*, 269 F.Supp.2d 20, 22 (E.D.N.Y. 2003) (considering claim mentioned by *pro se* petitioner that was not included in relevant section of habeas petition, and that was not addressed by respondent in its opposition or by petitioner on reply, to be abandoned).

2017. *See id.*

## DISCUSSION

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." A case is properly dismissed as moot "when the issues presented are no longer 'live' or the party lacks a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citation and quotation marks omitted).

"[M]ootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding." *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that habeas petition challenging parole revocation did not present a concrete, redressable injury); *United States v. Mercurris*, 192 F.3d 290, 293-95 (2d Cir. 1999) (application of aggravated felony enhancement during sentencing was insufficient to satisfy the case-or-controversy requirement where habeas petitioner had already completed his sentence).

Once a petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. When a habeas petitioner challenges the criminal conviction itself, the Supreme Court "has been willing to presume the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement; or, in a practice that it views as 'effectively the same,' the Court has been willing 'to count collateral

consequences that are remote and unlikely to occur.'" *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999) (quoting *Spencer*, 523 U.S. at 8).

When a petitioner challenges only an expired sentence, however, "the question becomes whether th[e] Court is capable of granting him any effective relief." *Bomasuto v. Perlman*, 680 F.Supp.2d 449, 457 (W.D.N.Y. 2010) (citing *Lane v. Williams*, 455 U.S. 624, 631–33 (1982)). Courts have repeatedly held that "challenges to the validity of a sentence are mooted by the expiration of that sentence." *Garcia v. Schultz*, No. 05-CV-2428 (BSJ) (MHD), 2010 WL 1328349, at *7 (S.D.N.Y. Jan. 13, 2010), *report and recommendation adopted*, No. 05-CV-2428 (BSJ), 2010 WL 1328333 (S.D.N.Y. Apr. 2, 2010). In *Mercurris*, the Second Circuit declined to adopt the presumption of collateral consequences where the petitioner's sentence had expired and the petitioner challenged only the sentencing enhancement and not the underlying conviction. *Mercurris*, 192 F.3d at 293-95. *See also Bomasuto*, 680 F.Supp.2d at 459 ("Because [petitioner] does not challenge his conviction, this is not a situation where the presumption of collateral consequences . . . applies"); *Brown v. Breslin*, No. 04-CV-7970 (PAC) (DF), 2008 WL 857767, at *16 (S.D.N.Y. Mar. 31, 2008) (presumption of collateral consequences did not apply where petitioner was challenging "the duration of an already-served sentence, as opposed to the conviction itself"). The same outcome is warranted here.

Petitioner's ineffective assistance claim and excessive sentence claim both challenge the validity of his sentence, rather than the underlying conviction. (*See* Pet. Br. at 11-13, ECF No. 10-2.)[4] *See Garcia*, 2010 WL 1328349, at *1 (dismissing habeas petition as moot where petitioner, who claimed counsel's actions prevented him from accepting a plea offer, had already

---

[4] Petitioner included this claim in his petition and lists it in the opening paragraph of his brief ("Williams' sentence of a flat 15 years violates the contours of cruel and unusual punishment"). (Pet. Br. at 1.) He does not reference the claim again; the "Argument" section of the brief is limited to a discussion of the ineffective assistance claim. (*See* Pet. Br. 11-12.) Respondent argues that this claim should be deemed abandoned. (Resp. Br. at 44-45.) The Court need not reach this question, as the claim itself is moot following Petitioner's completion of his sentence.

been released from custody). As Petitioner's sentence is now expired, the only remaining relief would be a reduction in his term of post-release supervision. However, even if Petitioner's habeas petition were granted, "[r]edress ... would not appear to be available through the early termination of his supervision ... as the controlling statute on post-release supervision, N.Y. Penal Law § 70.45, does not appear to reduce the length of a supervised release term because of unlawful excess time served in prison." *Brown*, 2008 WL 857767, at *16, fn. 18; *see also Bomasuto*, 680 F. Supp. 2d at 461 (holding challenge to sentence moot where Petitioner was no longer incarcerated and was serving a three-year term of supervised release).

## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion for a writ of habeas corpus as moot. Because Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253; *see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close the case.

Dated: Brooklyn, New York
October 23, 2017

SO ORDERED.

S/LaShann DeArcy Hall

LaSHANN DeARCY HALL
United States District Judge